# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Erick Danilo Aldana Sanabria, *et al.*, | No. CV-25-04439-PHX-JJT (ASB) |
| Petitioners, | **ORDER** |
| v. | |
| Luis Rosa, Jr., *et al.*, | |
| Respondents. | |

Petitioners filed a Verified Petition for Writ of Habeas Corpus under § 2241 challenging their immigration detention. (Doc. 1.) In a December 2, 2025 Order, the Court ordered Respondents to show cause ("the OSC") why the Petition should not be granted. (Doc. 7.) The OSC is fully briefed. (Docs. 10, 11.) The Petition is granted. Respondents must release Petitioner Sanabria pursuant to the alternative $7,500 bond and must either release Petitioners Macias and Rodriguez from custody or provide them bond hearings within seven days.

**I.    Background**

Petitioners are three citizens of Guatemala (Petitioner Sanabria) and Mexico (Petitioners Macias and Rodriguez) who entered the United States in 2021, 2006, and 2004, respectively. (Doc. 1 ¶¶ 25, 32, 35.) Petitioner Aldana Sanabria was issued a Notice to Appear on September 2, 2025, that charged him with removability under 8 U.S.C. § 1182(a)(6)(A)(i). (*Id.* ¶ 31.) Petitioner Macias was detained by ICE on October 20, 2025, and Petitioner Camacho Rodriguez was detained on October 22, 2025.

(*Id.* ¶¶ 33, 40.) None of the Petitioners were charged as arriving aliens. Petitioner Aldana Sanabria requested a custody redetermination before an Immigration Judge, but his request was denied on October 29, 2025, on the ground that the Immigration Court lacked jurisdiction because DHS had classified him as subject to § 1225(b)(2) pursuant to *Matter of Yajure Hurtado*.[1] (*Id.* ¶ 30; Doc. 1-1 at 1-2.) In the alternative, the Immigration Judge determined she would grant bond in the amount of $7,500. (*Id.*)

Petitioners filed the instant Petition arguing their classification as applicants for admission violates the language of 8 U.S.C. § 1225(b)(2)(A) and their due process rights.

**II.     Analysis—Interpretation of 8 U.S.C. § 1225 and 8 U.S.C. § 1226**

Respondents' position is

> Congress enacted what is now 8 U.S.C. § 1225, which requires the detention of any alien "who is an applicant for admission" and defines that term to encompass any "alien present in the United States who has not been admitted" following inspection by immigration authorities. 8 U.S.C. § 1225(a), (b)(2)(A). The statute makes no exception for how far into the country the alien traveled or how long the alien managed to evade detection.
>
> * * *
>
> The government acknowledges that this Court has explicitly rejected its legal position that aliens who enter without admission, inspection or parole and are charged as removable under 8 U.S.C. § 1182(a)(6)(A)(i) are applicants for admission under 8 U.S.C. § 1225(a)(1), who are therefore subject to mandatory detention under 8 U.S.C. 1225(b)(2)(A), regardless of how long ago they entered. *Echevarria v. Bondi, et al.*, No. 2:25-cv-03252-PHX-DWL, 2025 WL 2821282 (D. Ariz. Oct. 3, 2025)

---

[1] A July 8, 2025 policy guidance memorandum issued by ICE announced that DHS had revisited the government's legal position on detention and release authorities. Under this revisited legal position, noncitizens present without admission are now subject to mandatory detention under 8 U.S.C. § 1225(b), rather than discretionary detention under 8 U.S.C. § 1226(a), because, under 8 U.S.C. § 1225(a)(1), they are deemed applicants for admission. The memo led to a recent Board of Immigration Appeals decision in *In re Hurtado*, 29 I&N 216 (B.I.A. 2025), adopting the memo's analysis and determining noncitizens present without admission are subject to mandatory detention under 8 U.S.C. § 1225(b).

(Doc. 10 at 2, 12.)

Nothing in Respondents' brief persuades the Court that the preliminary conclusion in the OSC is mistaken. Indeed, Judge Lanza specifically noted that "[g]iven that an immigrant submits an 'application for admission' at a distinct point in time, stretching the phrase 'at the time of application for admission' to refer to a period of years would push the statutory text beyond its breaking point." *Id.* at *6.

The Court is also aware of several decisions adopting Respondents' argument. *Valencia v. Chestnut*, 2025 WL 3205133 (E.D. Cal. Nov. 17, 2025); *Alonzo v. Noem*, 2025 WL 3208284 (E.D. Cal. Nov. 17, 2025); *Mejia Olalde v. Noem*, 2025 WL 3131942 (E.D. Mo. Nov. 10, 2025); *Sandoval v. Acuna*, 2025 WL 3048926 (W.D. La. Oct. 31, 2025); *Rojas v. Olson*, 2025 WL 3033967 (E.D. Wisc. Oct. 30, 2025); *Garibay-Robledo v. Noem*, No. 1:25-CV-177-H, Doc. 9 (N.D. Tex. Oct. 24, 2025); *Vargas Lopez v. Trump*, 2025 WL 2780351 (D. Neb. Sept. 30, 2025), *Chavez v. Noem*, 2025 WL 2730228 (S.D. Cal. Sept. 24, 2025); *Pipa-Aquise v. Bondi*, No. 25-1094, 2025 WL 2490657 (E.D. Va. Aug. 5, 2025); *Pena v. Hyde*, No. 25-11983, 2025 WL 2108913 (D. Mass. July 28, 2025). But Respondents' view clearly represents the minority position—in the weeks since the district court considered the issue in *Echevarria*, dozens of other courts have reached the same conclusion. *See, e.g., Quinapanta v. Bondi*, 2025 WL 3157867, *6 (W.D. Wisc. Nov. 12, 2025) ("[M]ore than 45 district courts have now rejected similar arguments made by respondents here and ordered bond hearings for noncitizens who, like petitioner, were apprehended within the United States years after entering without admission or inspection unless implicated by any criminal activity covered by § 1226(c). These decisions, along with a growing number of others now including this court have concluded that the statutory text, the statute's history, Congressional intent, and § 1226(a)'s application for the past three decades support its application to noncitizens in petitioner's position.") (cleaned up).

Having reviewed the recent decisions adopting the minority view, the Court agrees with the conclusion reached by the district court in *Echevarria*. For these reasons, the

Petition is granted. Petitioner Sanabria must be released pursuant to the alternative $7,500 bond and Petitioners Macias and Rodriguez must be released from custody or provided bond hearings within seven days.[2]

**IT IS ORDERED:**

1. Petitioners' Petition for Writ of Habeas Corpus (Doc. 1) is **granted** as to Counts One and Three. The remainder of the Petition is denied as moot.
2. Respondents must release Petitioner Sanabria in compliance with the IJ's alternative bond determination setting a $7,500 bond.
3. Respondents must provide Petitioners Macias and Rodriguez bond redetermination hearings within seven days or release them from custody under the same conditions that existed before their detention.
4. Respondents must provide a notice of compliance within **two days** of releasing Petitioners or providing them bond hearings.
5. All remaining motions are denied as moot.
6. The Clerk of Court shall enter judgment in Petitioners' favor and close this case.

Dated this 11th day of December, 2025.

Honorable John J. Tuchi
United States District Judge

---

[2] Because the Court grants relief as to Counts One and Three, it will deny the remainder of the Petition as moot.

- 4 -